# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DORIS GATHERS,

       Plaintiff,

v.                                                                    Case No:   6:22-cv-1692-WWB-LHP

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant

---

## ORDER

This cause comes before the Court on review of the briefing submitted by the parties. Doc. Nos. 13–14. In this appeal, Claimant Doris Gathers raises only one issue: the ALJ erred in finding that Claimant had past relevant work as a "cafeteria attendant," in that the definition of "cafeteria attendant" does not equate to any of her prior job descriptions, and to the extent that her work at "Jennifer Temp" was work as a "cafeteria attendant," that job does not qualify as substantial gainful activity. Doc. No. 13. In response, the Commissioner contends that Claimant failed to carry her burden of demonstrating that she could not perform past relevant work as a cafeteria attendant and that such work did not constitute substantial gainful activity, and more specifically, the Commissioner cites legal authority for

the proposition that Claimant's failure to raise the issue regarding work as a "cafeteria attendant" before the ALJ is fatal to her argument here.   Doc. No. 14.

Upon consideration, although Claimant did not file a reply brief, the Court finds that a reply brief from Claimant would be beneficial in resolving this appeal. Accordingly, it is **ORDERED** that on or before **September 7, 2023**, Claimant shall file a reply brief, not to exceed **five (5) pages** in length, addressing:

1. Whether Claimant raised during the administrative proceedings the issue raised here regarding past relevant work as a cafeteria attendant, *i.e.*, her argument that none of her past jobs equate to the definition of "cafeteria attendant" or that her work for "Jennifer Temp" did not rise to the level of substantial gainful activity.

2. If Claimant raised the issue regarding past relevant work as a "cafeteria attendant" during the administrative proceedings, citations to the specific portions of the record where this issue was raised.

3. If Claimant did not raise the issue regarding past relevant work as a "cafeteria attendant" during the administrative proceedings, citation to legal authority demonstrating that failure to do so is not fatal to her arguments made here.   *Cf. Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 524 (11th Cir. 2014); *Schlegel v. Comm'r of Soc. Sec.*, No. 6:16-cv-1236-Orl-DCI, 2017 WL 2379811, at *3 (M.D. Fla. June 1, 2017); *New v. Comm'r of Soc. Sec.*, No. 5:12-cv-

211-Oc-18PRL, 2013 WL 3804846, at *3 (M.D. Fla. July 8, 2013); *Marchand v. Astrue*, No. 8:11-cv-2458-T-TGW, 2012 WL 6733028, at *3 (M.D. Fla. Dec. 28, 2012); *O'Neal v. Astrue*, No. 8:06-cv-1960-T-TGW, 2008 WL 705248, at *3 (M.D. Fla. Mar. 14, 2008).

**DONE** and **ORDERED** in Orlando, Florida on August 31, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties