## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DORIS GATHERS,

        Plaintiff,

v.                                    Case No:  6:22-cv-1692-WWB-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Doris Gathers ("Claimant") appeals the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. Claimant raises one argument challenging the Commissioner's final decision, and based on that argument, requests that the matter be remanded for further administrative proceedings. Doc. Nos. 13, 16. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. Doc. No. 14. For the reasons discussed herein, it is **RESPECTFULLY RECOMMENDED** that the

Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.     PROCEDURAL HISTORY.

On October 27, 2020, Claimant applied for disability insurance benefits, alleging that she became disabled on March 15, 2020.  R. 17, 81, 189.[1]  Her claim was denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.  R. 101, 112, 116.  A telephonic hearing was held before the ALJ on January 19, 2022, during which Claimant was represented by an attorney.  R. 37–71.  *See also* R. 151.  Claimant and a vocational expert ("VE") testified.  R. 37–71.

On February 11, 2022, the ALJ issued an unfavorable decision finding that Claimant was not disabled.  R. 17–32.  Claimant sought review of the ALJ's decision by the Appeals Council.  R. 186–88.  On July 28, 2022, the Appeals Council denied the request for review.  R. 1–6.  Claimant now seeks review of the final decision of the Commissioner by this Court.  Doc. No. 1.

---

[1] The "Application Summary for Disability Insurance Benefits" states that Claimant applied for benefits on December 1, 2020, but according to the ALJ's decision and other record evidence, Claimant filed the application on October 27, 2020.  *Compare* R. 17, 81, *with* R. 189.  For consistency, and because the application date is not dispositive of this appeal, the undersigned utilizes the application date stated by the ALJ:  October 27, 2020.

## II.     THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).  R. 17–32.[3]  The ALJ first found that Claimant meets the insured status requirements of the Social Security Act through December 31, 2025.  R. 19.  The ALJ also found that Claimant had not engaged in substantial gainful activity since March 15, 2020, the alleged disability onset date.  *Id.*  The ALJ further concluded that Claimant suffered from the following severe impairments:  pes planus and plantar fasciitis; diabetes mellitus; hypertension; hiatal hernia; lumbar degenerative disc disease; obesity;

---

[2] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in their briefs.  Doc. Nos. 13–14.  Accordingly, the undersigned adopts those facts included in the parties' briefs by reference and only restate them herein as relevant to considering the issue raised by Claimant.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c; 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)).

depression; anxiety; and posttraumatic stress disorder ("PTSD"). [4]   R. 20. However, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 20–24.

The ALJ concluded that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[5] except:

> [T]he claimant can frequently climb ramps or stairs, but only occasionally climb ladders, ropes, or scaffolds.  The claimant can frequently balance, crouch, and crawl.  She can tolerate frequent exposure to workplace hazards.  Finally, the claimant can perform simple, rote, repetitive, or routine tasks and occasionally interact with supervisors and the general public.

R. 24.   The ALJ found, based upon consideration of the evidence, Claimant's RFC, her age, education, and work experience, and the testimony of the VE, that Claimant was capable of performing past relevant work as a cafeteria attendant.   R. 31.

---

[4] The ALJ further found that Claimant's bilateral feet callus and obstructive sleep apnea were non-severe impairments.   R. 20.

[5] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Accordingly, the ALJ concluded that Claimant was not under a disability, as defined in the Social Security Act, from the March 15, 2020 alleged disability onset date through the date of the decision. R. 32. *See also* 20 C.F.R. § 404.1520(a)(4)(iv) (a claimant will be found not disabled if she can return to her past relevant work.).

## III. STANDARD OF REVIEW.

The Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence

preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. ANALYSIS.

Claimant raises only one assignment of error in this appeal:  the ALJ erred in finding that Claimant had past relevant work as a cafeteria attendant.  Doc. No. 13.  *See also* Doc. No. 16.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c; 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)).  A claimant is not disabled if he or she is capable of performing past relevant work, which is defined as work performed within the last fifteen years that lasted long enough for the claimant to learn the work and that was substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(1).  *See also Eyre v. Comm'r of Soc. Sec.*, 586 F. App'x 521, 523-24 (11th Cir. 2014) (per curiam).[6]  The claimant bears the burden of demonstrating that "certain work experience is not past relevant work."  *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991); *Eyre*, 586 F. App'x at 524.

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

Substantial gainful activity is defined as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. Work activity is substantial if it "involves doing significant physical or mental activities," and is gainful if it is done "for pay or profit." *Id.* The primary consideration in determining whether prior work was substantial gainful activity is what the claimant earned doing that prior work. *Id.* § 404.1574(a)(1). "The ALJ ordinarily will consider that the claimant either was or was not engaged in substantial gainful activity if her average monthly earnings are above or below a certain amount established by the Social Security Administration's earnings guidelines." *Eyre*, 586 F. App'x at 524 (citations omitted). However, the amount that a claimant earned doing the prior work is not dispositive if other evidence indicates that the claimant was engaged in substantial gainful activity. *See id.* ("[T]he ALJ can consider other information, including whether the work performed was 'comparable to that of unimpaired people in [the claimant's] community who [were] doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work.'" (alterations in original) (citing 20 C.F.R. §§ 404.1574(a)(1), (b)(3)(ii)(A), 416.974(a)(1), (b)(3)(ii)(A))).

Here, at issue is the ALJ's finding, based on the testimony of the VE, that Claimant had past relevant work as a cafeteria attendant. *See* R. 31. At the hearing before the ALJ, while Claimant testified regarding other past relevant work

(cafeteria manager, seafood clerk, and dietary manager), she provided no testimony regarding work as a cafeteria attendant or her work for a temp agency called "Jennifer Temp." *See* R. 41–44, 47–49. But the VE classified Claimant's past relevant work to include work as a cafeteria attendant, DOT 311.677-010, based on her work at "Jennifer Temp." R. 63. The transcript reflects an exchange between the ALJ and the VE as follows:

> [ALJ]: What - - you said the cafeteria attendant. What job was that specifically that you used for - -
>
> [VE]: Let me - -
>
> [ALJ]: - - that position.
>
> [VE]: I think it's - - let me - -
>
> [ALJ]: Okay.
>
> [VE]: If it was – on Exhibit 4E, page 4, it says Jennifer Temp [phonetic] at top. It says - -
>
> [ALJ]: Oh.
>
> [VE]: - - food service worker.
>
> [ALJ]: Yeah. Okay.
>
> [VE]: [Inaudible].
>
> [ALJ]: Yeah. Yeah. Okay. We're going to exclude that.
>
> [VE]: Okay.
>
> [ALJ]: Wait. Hold on. Let me see. The Jennifer Temp was I think one month of work; SVP 2. I'm sorry. I'm talking out loud, thinking

>out loud. Oh, no. Okay. That was SVP 2. She worked there for one month and did earn SGA for that one-month period. Okay. So we're going to include that.
>
>[VE]: Okay.
>
>[ALJ]: So the three jobs will be cafeteria attendant, dietary manager, and then the composite job of cafeteria manager with school cafeteria cook, head school cafeteria cook. Okay. . . .

R. 67–68. Based on a hypothetical question posed to the VE comprised of the limitations set forth in the RFC determination, the VE testified that an individual could perform Claimant's past relevant work as a cafeteria attendant. R. 68.

Exhibit 4E, page 4, referenced by the VE, reflects Claimant's self-report of work at "Jennifer Temp" as a "food service worker," where Claimant would "prep and keep salad bar station filled and clean with prepping foods." R. 240. The form states that Claimant worked five (5) hours per day, four (4) days per week, and earned ten (10) dollars per hour. *Id.* At the beginning of the work history report, Claimant reports working at "Jennifer Temp" from "9-1-16" to "10-16." R. 237. The record also includes Claimant's earning record, which includes "Jennifer Temps Inc." and reflects a total of $2,187.50 in wages earned from that employer, for an unspecified date range in 2016. R. 203, 211. This appears to be the only evidence of record concerning Claimant's work at "Jennifer Temp," and the parties point to nothing else. *See* Doc. Nos. 13, 14, 16.

In her briefing, Claimant contends that the ALJ erred in two respects. Doc. No. 13. *See also* Doc. No. 16. First, the ALJ erred in finding that her work at "Jennifer Temp" qualified as work as a "cafeteria attendant" given the disparity between her self-reported job description and the definition of "cafeteria attendant" set forth in the Dictionary of Occupational Titles ("DOT"). Doc. No. 13, at 4, 6. Second, the ALJ erred in finding that her work at "Jennifer Temp" in 2016 constituted substantial gainful activity because the record does not reflect that she performed such work for only one month (*i.e.*, the record reflects only "9-1-16" to "10-16"), and the record reflects that Claimant earned $10 per hour and worked 20 hours per week at that job, which, if she worked there for two months, would not rise to the level of substantial gainful activity. *Id.* at 4. Claimant contends that, at best, the evidence is ambiguous. *See* Doc. No. 16.

In response, the Commissioner contends that the ALJ's finding that Claimant's work as a cafeteria attendant constitutes past relevant work is supported by substantial evidence. Doc. No. 14, at 5–6. The Commissioner further argues that by failing to raise the issue regarding past relevant work as a cafeteria attendant before the ALJ or the Appeals Council, Claimant has invited any error, which is fatal to her argument here. *Id.* at 6–7. The Commissioner also contends that the ALJ could rely on the testimony of the VE to find that Claimant's past work for

"Jennifer Temp" as a "food services worker" equated to the definition of "cafeteria attendant" as defined in the DOT. *Id.* at 8.

Upon consideration, even accepting for purposes of this Report that Claimant's work at "Jennifer Temp" equated to work as a "cafeteria attendant" as defined by the DOT,[7] the undersigned agrees with Claimant that evidentiary gaps in the record prevent the Court from determining whether substantial evidence supports the ALJ's conclusion that Claimant's work for "one month" at "Jennifer Temp" constitutes past relevant work performed at a substantial gainful activity level.[8]

It is true, as the Commissioner argues, that Claimant bears the burden of demonstrating that certain work experience is not past relevant work, and that courts have found that a claimant's failure to present evidence on this issue during the administrative proceedings effectively precludes a claimant from arguing the

---

[7] Given that, as discussed below, remand is required regarding whether Claimant's work at "Jennifer Temp" rose to the level of substantial gainful activity and thus constituted past relevant work, it is unnecessary for the Court to address the issue of whether the work at "Jennifer Temp" equated to the position of "cafeteria attendant" as argued by Claimant, as this issue will necessary be encompassed in a remand. *See generally Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

[8] Claimant does not contest that her work at "Jennifer Temp" was performed within the past fifteen years, or that it lasted long enough for Claimant to learn the work. *See* 20 C.F.R. § 404.1560(b)(1). Accordingly, the undersigned does not further address these requirements for past relevant work.

issue in the District Court. *See, e.g., Schlegel v. Comm'r of Soc. Sec.*, No. 6:16-cv-1236-Orl-DCI, 2017 WL 2379811, at *3 (M.D. Fla. June 1, 2017); *New v. Comm'r of Soc. Sec.*, No. 5:12-cv-211-Oc-18PRL, 2013 WL 3804846, at *3 (M.D. Fla. July 8, 2013); *Marchand v. Astrue*, No. 8:11-cv-2458-T-TGW, 2012 WL 6733028, at *3 (M.D. Fla. Dec. 28, 2012); *O'Neal v. Astrue*, No. 8:06-cv-1960-T-TGW, 2008 WL 705248, at *4 (M.D. Fla. Mar. 14, 2008).[9]

It is equally true, however, that although Claimant carries the burden on the issue of past relevant work, an ALJ's decision must still be supported by substantial evidence. *See, e.g., Chacon v. Saul*, No. 8:19-cv-2371-T-TGW, 2020 WL 6624927, at *5 (M.D. Fla. Nov. 12, 2020) (rejecting argument by the Commissioner that Claimant's failure to raise during the administrative proceedings whether past relevant work constituted substantial gainful activity waived the issue because "it is clear that the Commissioner's decision may not stand if his findings are not supported by substantial evidence" and the ALJ's findings regarding past relevant work were

---

[9] The Commissioner also cites *Larry v. Commissioner of Social Security*, 506 F. App'x 967, 969 (11th Cir. 2013), for the proposition that any error here was invited. However, the *Larry* decision addressed whether an ALJ is required to more fully develop a medical record where counsel supplied additional medical records, and told the ALJ that the record was complete. Thus, *Larry* is not on point here. The Commissioner also cites *Sullivan v. Commissioner of Social Security*, 694 F. App'x 670, 671 (11th Cir. 2017), and *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005), but those cases concerned whether the ALJ was required to address impairments reflected in medical records that were not impairments alleged by the claimant as a basis for disability, either in the claimant's application or hearing testimony. Those cases do not address the precise issue presented here.

not). *See also McCrea v. Astrue*, 407 F. App'x 394, 396–97 (11th Cir. 2011) (finding that "the ALJ did not have the information needed to determine whether McCrea's prior work as a janitor qualified as substantial gainful activity and thus was past relevant work" where the record was unclear "how long McCrea worked as a janitor" and "the ALJ did not question McCrea to determine the exact nature of his janitorial work," and therefore reversing and remanding because the ALJ did not develop a full and fair record); *Kretschmar v. Comm'r of Soc. Sec.*, No. 2:21-cv-86-JES-LLL, 2022 WL 2866254, at *1 (M.D. Fla. July 21, 2022) (finding conflicting reports in evidence as to hours worked and rate of pay, and lack of hearing testimony regarding earnings or specific dates of employment, warranted remand on the issue of past relevant work); *Walker v. Comm'r of Soc. Sec.*, No. 8:19-cv-627-T-JSS, 2020 WL 3428037, at *4 (M.D. Fla. June 23, 2020) (where there was an evidentiary gap in the record, and because substantial evidence did not support the ALJ's finding regarding past relevant work, remand for further development of the record was appropriate); *Etherton v. Comm'r of Soc. Sec.*, No. 5:17-CV-01155-JHE, 2018 WL 4568625, at *8 (N.D. Ala. Sept. 24, 2018) (where, at best, the evidence was ambiguous as to whether prior work constituted past relevant work performed at substantial gainful activity levels, the ALJ's decision was not supported by substantial evidence).

The cases on which the Commissioner relies do not demonstrate otherwise, as in each of the cases, although the court found that the claimant's failure to raise an argument regarding past relevant work during the administrative proceedings effectively precluded the claimant from raising the issue in the district court, each of those cases demonstrates a finding by the court that the ALJ's decision regarding past relevant work was supported by substantial evidence. *See Schlegel*, 2017 WL 2379811, at *3 n.3 (discussing evidence supporting ALJ's finding that past relevant work was performed at substantial gainful activity levels); *New*, 2013 WL 3804846, at *4 (discussing evidence demonstrating that the claimant's earnings exceeded the monthly threshold set by the regulations); *Marchand*, 2012 WL 6733028, at *3 (finding reasonable the ALJ's reliance on the claimant's testimony to determine whether work constituted past relevant work, and the decision supported by substantial evidence); *O'Neal*, 2008 WL 705248, at *4 (finding ALJ's decision on past relevant work was supported by substantial evidence based on reasonable inferences from the record).[10]

---

[10] The Commissioner also cites *Eyre*, 586 F. App'x at 524, for the proposition that Claimant "failed to rebut the ALJ's reasonable determination that [Claimant's] work as a cafeteria attendant was past relevant work . . . ." Doc. No. 14, at 7. *Eyre*, however, did not address waiver, concerned a finding of substantial gainful activity based on the energy, skill, and physical activity of past work (rather than earnings), and the court found the ALJ's determination "reasonable" and supported by substantial evidence.

The undersigned further notes that generally in Social Security disability appeals, failure to raise an issue during the administrative proceedings does not preclude the claimant from raising the argument in the district court. *See Sims v. Apfel*, 530 U.S. 103,

Here, on this record, the undersigned cannot find that substantial evidence supports the ALJ's decision regarding Claimant's ability to perform past relevant work as a cafeteria attendant. As noted above, the transcript from the hearing reflects no testimony from Claimant regarding her prior work for "Jennifer Temp." *See* R. 37–71. But the ALJ found that Claimant worked at "Jennifer Temp" for "one month." R. 67. The only evidence of record demonstrating employment dates for "Jennifer Temp," however, is Claimant's self-report that she worked at "Jennifer Temp" from "9-1-16" to "10-16." R. 237. It is entirely unclear when in October 2016 Claimant ended her employment with "Jennifer Temp." *See id.*

In 2016, "[t]he monthly amount to show SGA [substantial gainful activity] for a non-blind claimant . . . was $1,130." *See Tureskis v. Saul*, No. 8:19-cv-2263-T-SPF, 2021 WL 363604, at *3 (M.D. Fla. Feb. 3, 2021). *See also* Social Security Administration Programs Operations Manual System (POMS), SSA POMS DI § 10501.015. The ALJ appears to have concluded that because Claimant worked at "Jennifer Temp" for "one month" and earned $2,187.50 in wages, the work constituted substantial gainful activity. *See* R. 67. But, as discussed above, the record does not provide support for the ALJ's conclusion that Claimant worked for

---

112 (2000) ("[A] judicially created issue-exhaustion requirement is inappropriate [in social security disability appeals]. Claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues.").

"Jennifer Temp" for "one month," as the record reflects only work from "9-1-16" to "10-16." R. 237. Thus, even absent further argument from Claimant on this issue during the administrative proceedings, given the ambiguity in the record on the dates of Claimant's employment, the undersigned cannot conclude that the ALJ's finding that Claimant's work at "Jennifer Temp" constituted past relevant work is supported by substantial evidence.[11] Accordingly, remand for further

---

[11] For example, if, as Claimant argues, Claimant worked at "Jennifer Temp" for two full months (September–October 2016), her work for "Jennifer Temp" would not rise to the level of substantial gainful activity, as she would have averaged only $1,093.75 in wages per month, which is below the level of substantial gainful activity as calculated for 2016. *See Titles II & XVI: Averaging of Earnings in Determining Whether Work Is Substantial Gainful Activity*, SSR 83-35, 1983 WL 31257 (1983) ("An employee whose *average monthly earnings* . . . exceed the Earnings Guidelines will ordinarily be found engaged in SGA." (emphasis added)). Notably, the record reflects Claimant's self-report of working at "Jennifer Temp" five (5) hours per day, four (4) days per week, for $10.00 per hour, which, if true, would not lend support for the conclusion that Claimant could have earned $2,187.50 in wages in a one-month period. *See* R. 240. And the ALJ did not address in the decision or at the hearing any alternative avenue for finding that Claimant's work at "Jennifer Temp" constituted substantial gainful activity. *See Eyre*, 586 F. App'x at 524 ("Earnings . . . are not dispositive. . . . [T]he ALJ can consider other information, including whether the work performed was 'comparable to that of unimpaired people in [the claimant's] community who [were] doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work.'" (citing 20 C.F.R. §§ 404.1574(a)(1), (b)(3)(ii)(A), 416.974(a)(1), (b)(3)(ii)(A))).

The Commissioner attempts to provide contrary calculations based on several assumptions – such as that Claimant worked at another job in October 2016 (Publix), so she did not work at "Jennifer Temp" at the same time, and that based on an average daily rate the work at "Jennifer Temp" would still constitute substantial gainful activity if Claimant worked at "Jennifer Temp" for twenty-nine (29) days in October 2016. *See* Doc. No. 14, at 5–6 & n.2. The Commissioner provides no legal support for these arguments, and at bottom, they amount to post hoc rationalizations for the ALJ's conclusions. *Cf. Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (a court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion" (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984))).

proceedings is appropriate.  *See McCrea*, 407 F. App'x at 396–97; *Chacon*, 2020 WL 6624927, at \*5; *Kretschmar*, 2022 WL 2866254, at \*1; *Walker*, 2020 WL 3428037, at \*4; *Etherton*, 2018 WL 4568625, at \*8.

## V. RECOMMENDATION.

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Commissioner's final decision be **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), consistent with the Court's Order on this Report, and that the Clerk of Court be **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 4, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy